IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRIDGETTE HARRINGTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0078-WS-C |
| | ) |
| **HOWARD TRANSPORTATION, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss or, in the alternative, for transfer of venue. (Doc. 6). The plaintiff has filed a response and the defendant a reply, (Docs. 8, 11), and the motion is ripe for resolution.

## BACKGROUND

The one-count complaint sets forth a claim for sex discrimination in violation of Title VII, charging that the plaintiff was denied employment and/or was effectively discharged based on her sex. (Doc. 1 at 5). According to the complaint, the defendant owns and operates eighteen-wheelers for which it recruits drivers. The plaintiff applied for a position and met with a recruiter in Mobile County, who later told her she had the job. The defendant promised the necessary employer-specific training but never provided it, even though males were trained during the same period.

## DISCUSSION

"The plaintiff has the burden of showing that venue in the forum is proper." *Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. 2006). However, "[w]hen a complaint is dismissed on the basis of improper venue without an evidentiary hearing, 'the plaintiff must present only a prima facie showing of venue.' … "Further, '[t]he facts

[1]

as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits.'" *Home Insurance Co. v. Thomas Industries, Inc.*, 896 F.3d 1352, 1355 (11th Cir. 1990) (quoting *Delong Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)).  The defendant did not request an evidentiary hearing, so the plaintiff need present only a prima facie showing of venue.  Both sides submitted declarations, so the Court must consider their import, along with any uncontroverted allegations of the complaint.

"The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and … the more general provisions of § 1391 are not controlling in such cases." *Pinson*, 192 Fed. Appx. at 817.[1] That section reads in pertinent part as follows:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

The defendant's evidence establishes, without contest by the plaintiff, that the defendant's principal office is in the Southern District of Mississippi, that its human resources department is located there, and that all employment records (including the plaintiff's application) are maintained there.  (Doc. 6, Skipper Declaration, ¶ 3).  This eliminates the second and fourth statutory bases as supporting venue in this district.

---

[1] *Accord Johnson v. Payless Drug Stores, Inc.*, 950 F.2d 586, 587-88 (9th Cir. 1991); *Bolar v. Frank*, 938 F.2d 377, 378-79 (2nd Cir. 1991); *Stebbins v. State Farm Mutual Automobile Insurance Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir. 1969); *Harding v. Williams Property Co.*, 1998 WL 637414 at *2 n.5 (4th Cir. 1998).

The plaintiff's primary assertion is that the Southern District of Alabama is "the judicial district in which [she] would have worked" but for the defendant's discrimination.  As employed in the quoted phrase, "the use of the article 'the' rather than 'a' strongly suggests that the statutory requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take him."  *James v. Booz-Allen*, 227 F. Supp. 2d 16, 23 (D.D.C. 2002); *accord Soul v. Movado Retail Group, Inc.*, 2007 WL 1119296 at *3 (M.D. Pa. 2007); *Carrothers v. Noblestar Systems Corp.*, 2006 WL 734347 at *3 (S.D. Tex. 2006).  That is, there can be only one proper venue under the third basis for venue set forth in Section 2000e-5(f)(3), no matter how many other districts in which the plaintiff might also have worked.  The Court adopts this position.[2]

According to her declaration, the plaintiff "understood" that she would be assigned a truck which she could keep at her home in Mobile "between driving assignments and on breaks, weekends, and holidays."  (Doc. 8, Plaintiff Declaration, ¶ 5).  She also "understood" that she would be "paid for every mile she drove,"[3] such that she would be paid to drive from Mobile to her pick-up point on many assignments.  (*Id*., ¶ 6).[4]  The plaintiff concludes that, even though her job would have moved her through many states

---

[2] In addition to the *James* rationale, the Court notes that Section 2000e-5(f)(3) allows venue in "any" judicial district in the state in which the unlawful practice occurred.  Had it intended to permit venue in more than one district in which the plaintiff would have worked, Congress presumably would have employed a similarly expansive term in that context as well.  Its failure to do so cannot easily be considered accidental or meaningless.

[3] This is known as "mileage" and is to be distinguished from payment for fuel costs. (Doc. 11, Skipper Declaration, ¶ 5).

[4] The plaintiff does not assert that she would have been paid mileage from her destination point back to Mobile, conceding that mileage would end when "my last assignment or delivery was completed."  (Doc. 8, Plaintiff Declaration, ¶ 6).

on an unpredictable basis, her stops in Mobile render this district "the judicial district in which [she] would have worked."[5]

The defendant offers the declarations of its director of operations. According to this declarant, after a one-week orientation in the Southern District of Mississippi, an eight-week training period spent driving routes throughout the country with a trainer, and passage of additional testing in the Southern District of Mississippi, drivers begin driving solo "throughout the United States." (Doc. 6, Skipper Declaration, ¶¶ 9-12). Skipper agrees with the plaintiff that, "[a]s a convenience and accommodation to the drivers, Howard Transportation sometimes allows drivers to keep a tractor/trailer at home over a weekend, break or holiday." (*Id*., ¶ 13). But Skipper disagrees that the plaintiff would have been paid mileage to drive her vehicle from her home to her pick-up point; such payment would occur, she says, only "for every mile driven as part of the delivery route; Howard Transportation does not pay mileage for detours to allow the driver to have a break, weekend or holiday at home." (Doc. 11, Skipper Declaration, ¶ 5). Thus, the plaintiff might be paid mileage for stopping at her home if Mobile was along her route, but not simply for her to go home during breaks or between assignments. (*Id*. at 2-3).

"When affidavits conflict, the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." *Home Insurance*, 896 F.3d at 1355. If there were a true conflict between equivalent declarations, the plaintiff's version might well be sufficient to make a prima facie showing of venue under the third statutory basis. The plaintiff's declaration, however, is not based on her personal knowledge of the defendant's business practices but on her "understanding" of those practices. While she says she understood these things "from Howard Transportation," (Doc. 8, Plaintiff Declaration, ¶ 6), she does not say that anyone connected with the defendant actually told her that she would be paid

---

[5] Both sides equate "working" with being paid mileage, and the Court therefore does likewise.

[4]

to drive her vehicle to her home even though it was of no benefit to the defendant. She is thus left with only an indistinct impression she received from unknown contacts with the defendant. The conflict, then, is not between two equivalent witnesses but between the defendant's director of operations – who plainly has personal knowledge of the defendant's practices – and the plaintiff, who plainly has none. Without personal knowledge or comparable evidence of how the defendant operates, the plaintiff by her declaration cannot make even a prima facie showing of venue. *See General Electric Credit Corp. v. Scott's Furniture Warehouse Showroom, Inc*., 699 F. Supp. 907, 910 (N.D. Ga. 1988) (in evaluating threshold challenges under Rule 12(b), "affidavits based on personal knowledge are to be credited over contradictory allegations based merely on information and belief .…"); *accord Buckley v. Robertson*, 1997 WL 33642373 at *4 (S.D. Ala. 1997) (venue).

To compensate for her ignorance of the defendant's practices, the plaintiff asserts that paying mileage for travel that does not benefit the employer is "typical business practice in the trucking industry." (Doc. 8, Plaintiff Declaration at 2). But this merely shifts the ground of her ignorance, since she fails to give any indication that, despite never having worked in the industry, she knows what industry practices are. Even had the plaintiff demonstrated her awareness of industry practice, she offers no basis for assuming that the defendant – which is free to develop its own practices – hews to what she believes is typical industry practice.

The plaintiff notes that the complaint alleges she was hired to "work out of Mobile, Alabama." (Doc. 1 at 2; Doc. 8 at 3, 4). And so it does, but that allegation is squarely contradicted by Skipper's declarations, requiring the plaintiff to produce actual evidence – not mere allegations – capable of countering the defendant's evidence.

The plaintiff argues she need show only that it is likely she would be assigned to work in this district "at some point." (Doc. 8 at 3-4). She relies for this proposition on *Johnson v. Washington Gas Light Co*., 89 F. Supp. 2d 45 (D.D.C. 2000). To the extent *Johnson* can be read as not confining venue under the third statutory clause to a single,

principal place of work, the Court rejects it for reasons stated previously. In any event, the plaintiff has not met even her proffered test, which requires that she show it is "likely" she "would" have worked in the district at some point. Her only evidence is that it is "possible" she "might" have been assigned routes passing through this district from time to time. (Doc. 8 at 3-4; Doc. 6, Skipper Declaration, ¶ 14). What is "possible" is far short of what is "likely," and what "might" happen is far short of what "would" happen.

The first statutory basis focuses on the state in which the unlawful practice was "committed." The plaintiff argues that the unlawful practice was committed in this district because its effect was "felt" in this district. (Doc. 8 at 5-6). She relies for this argument on *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493 (9th Cir. 2000), which held that "venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." *Id*. at 506. She does not challenge the defendant's evidence that all decisions concerning her were made in the Southern District of Mississippi, (Doc. 6, Skipper Declaration, ¶¶ 7, 14), but she does insist that the effects of such decisions were felt in Alabama because this is "where she would have worked." (Doc. 8 at 6).

It is dispositive of this argument that, as discussed above, the plaintiff has not made a prima facie showing that this is the district where she would have worked. Moreover, the *Passantino* Court carefully specified that an employment decision is "felt" only "where the plaintiff works, and the decision … is implemented." 212 F.3d at 505. This portion of *Passantino* extends only to existing employees, and it covers situations such as the one at issue there: a decision made in one state about an existing employee in another state. Since the plaintiff characterizes the defendant's employment decision as a "refusal to hire," (Doc. 8 at 5; *accord id*. at 6), and admits that she never worked for the defendant, she cannot invoke this prong of the first statutory basis. *See Soliman v. L-3 Communications Corp.*, 2008 WL 5383151 at *5 (N.D. Cal. 2008) (refusing to extend

[6]

*Passantino* to allow "anyone who applies for and is denied employment from anywhere in the country [to] hale the employer to the plaintiff's home district to litigate").[6]

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). The defendant nominally favors dismissal, but it concedes the propriety of transfer to the Southern District of Mississippi. (Doc. 6 at 6). As discussed above, venue is proper in the Southern District of Mississippi,[7] and personal jurisdiction over the defendant certainly exists there. Accordingly, it is a district "in which [the action] could have been brought."

As this Court has noted, the interest of justice generally favors transfer over dismissal, especially when, as here, the expiration of a limitations period would effectively bar refiling in a proper venue. *Boutwell v. Advance Construction Services, Inc.*, 2007 WL 2988238 at *3 (S.D. Ala. 2007). The defendant mounts no argument to the contrary, and the Court discerns none.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss for improper venue is **denied** and its alternative motion for transfer of venue is **granted**. This action is **transferred** to the Southern District of Mississippi.

---

[6] Because the plaintiff does not fall within *Passantino*, the Court need not decide whether to follow that decision. *See generally Russell-Brown v. University of Florida Board of Trustees*, 2009 WL 4798230 at *2 (D.N.J. 2009) *and Whipstock v. Raytheon Co.*, 2007 WL 2318745 at *2-3 (E.D. Mich. 2007) (considering *Passantino* an unwarranted expansion of an unambiguous statute).

[7] This conclusion rests on the Court's evaluation of the first and second statutory bases for venue. The defendant argues that the Southern District of Mississippi is also the district in which the plaintiff would have worked, (Doc. 6 at 4-5), but the Court need not resolve that question as venue there is otherwise established.

DONE and ORDERED this 23rd day of May, 2012.

                                                      s/ WILLIAM H. STEELE
                                                      CHIEF UNITED STATES DISTRICT JUDGE